942 So.2d 406 (2006)
In re FLORIDA RULES OF APPELLATE PROCEDURERULE 9.510, ADVISORY OPINIONS TO THE ATTORNEY GENERAL.
No. SC06-1264.
Supreme Court of Florida.
November 9, 2006.
PER CURIAM.
The Court on its own motion adopts Florida Rule of Appellate Procedure 9.510, Advisory Opinions to the Attorney General, to provide guidance concerning the procedures to be utilized in the event of the Attorney General requesting this Court to render an advisory opinion concerning the validity of an initiative petition for the amendment of the Florida Constitution. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d).
The proposed new rule was published in The Florida Bar News on August 1, 2006. No comments were received. Accordingly, the Court adopts Florida Rule of Appellate Procedure 9.510, to take effect immediately upon the release of this opinion. The rule is adopted as it appears in the appendix to this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
Rule 9.510. ADVISORY OPINIONS TO ATTORNEY GENERAL
(a) Filing. A request by the attorney general for an advisory opinion from the justices of the supreme court concerning the validity of an initiative petition for the amendment of the Florida Constitution shall be in writing. The original and 7 copies shall be filed with the clerk of the supreme court.
(b) Contents of Request. In addition to the language of the proposed amendment, the request referenced in subdivision (a) must contain the following information:
(1) the name and address of the sponsor of the initiative petition;
(2) the name and address of the sponsor's attorney, if the sponsor is represented;
(3) a statement as to whether the sponsor has obtained the requisite number of signatures on the initiative petition to have the proposed amendment put on the ballot;
(4) if the sponsor has not obtained the requisite number of signatures on the initiative petition to have the proposed amendment put on the ballot, the current status of the signature-collection process;
(5) the date of the election during which the sponsor is planning to submit the proposed amendment to the voters;
(6) the last possible date that the ballot for the target election can be printed in order to be ready for the election;
(7) a statement identifying the date by which the Financial Impact Statement will be filed, if the Financial Impact Statement is not filed concurrently with the request; and
(8) the names and complete mailing addresses of all of the parties who are to be served.
(c) Procedure. The justices must initially determine whether the request is within the purview of article V, section 3(b)(10), Florida Constitution, and proceed as follows:

*407 (1) If 4 justices concur that the request is not within that purview, the attorney general will be advised immediately in writing and a copy will be filed in the clerk's office.
(2) If the request is within the purview, the court may permit the attorney general and other interested persons to be heard on the questions presented through briefs, oral argument, or both. If the court decides to receive briefs or hear oral argument, it will establish the time for filing briefs, the date of argument, and the time allotted.